Argued and submitted July 7, affirmed as modified September 15, 1982

In the Matter of the Marriage of

# HOUCK,
*Respondent,*
*and*
# HOUCK,
*Appellant.*

(No. 124,879, CA A23739)

650 P2d 1018

Mark L. B. Wheeler, Salem, argued the cause and filed the brief for appellant.

Terry K. Haenny, Salem, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a dissolution of marriage case in which a wife of over 30 years appeals the trial court's denial of spousal support. We modify the decree.

Husband originally sought dissolution in 1974, the case resulting in a "Decree of Permanent Separation" in January, 1975. The decree contained two apparently inconsistent provisions. The preamble provided, in pertinent part:

> "* * * [T]he Court finds irreconcilable differences between the parties have caused the irremediable breakdown of the marriage, *but that the continuation of their status as married persons will preserve a legal and financial interest of the [wife].* * * *" (Emphasis supplied.)

Two paragraphs farther on, however, the decree provided:

> "* * * [N]either [party] shall be responsible for any further financial support or obligations to each other for any reason as of the date of this decree."

■ The first question presented to us by the parties is whether we *can,* under the peculiar facts of this case, award spousal support. Husband argues that the last quoted section means that, inasmuch as the *separation decree* did not provide for spousal support, he cannot be required to pay it now. Wife argues that the original decree *did* provide for spousal support. She maintains that the emphasized portion of the preamble was a reference to the fact that, by virtue of the parties' remaining married, she continued to be entitled to benefits—including health care, commissary privileges and the like—as the wife of a man retired from the Navy. The health benefits alone, she argues, were worth over $100 a month.

Assuming, for the purposes of this case and as the parties have presented to us, that the provisions of a decree of permanent separation limit a court of equity's authority in a subsequent petition for dissolution, we find that wife's construction of the separation decree is the more reasonable one. Because of husband's status as a Navy retiree, he was in a position to confer benefits on wife, not out of his own pocket, *simply by remaining married.* His decision now to seek a divorce means that those benefits will be cut off. *In substance,* then, wife would lose some spousal support.

■    The next question becomes: If it is permissible to award spousal support, should such support be awarded and, if so, how much? Husband argues that the original separation decree was so one-sided and generous to wife that she is adequately provided for. Accepting husband's argument that wife *was* adequately provided for, the fact is that she is now losing the military benefits previously referred to. Her need for such benefits—a need that we believe the original decree was designed to meet—has not changed. Husband's present standard of living will permit him to pay a modest amount to help wife meet her needs. The decree should provide for such a payment. Computation of the value of the benefits wife received by virtue of the separation is difficult. It is clear, however, that they were worth at least $150 per month.

The decree of dissolution is modified to require that husband pay wife, as and for permanent spousal support, the amount of $150 per month and affirmed as modified. Cost to appellant.